## THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
Case No. 9:25-cv-80686

BROOKLYNNE STRANGE,

      Plaintiff,

v.

SUNDANCE HOLDINGS GROUP, LLC,

      Defendant.

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. sections 1332, 1441, 1446, and 1453, Defendant Sundance Holdings Group, LLC ("Sundance") hereby removes this action from the Circuit Court of the Fifteenth Judicial Circuit in and for Palm Beach County, Florida to the United States District Court for the Southern District of Florida, West Palm Beach Division. In support of removal, Sundance states as follows:

    1.    On April 30, 2025, Plaintiff Brooklynne Strange, individually and purportedly on behalf of all others similarly situated, filed a Complaint and commenced a civil action in the Circuit Court of the Fifteenth Judicial Circuit in and for Palm Beach County, Florida, captioned *Strange v. Sundance Holdings Group, LLC*, case no. 502025CA004199XXXAMB (the "State Court Action"). Plaintiff's Complaint relates to her claim that Sundance's text message marketing practices violate the Florida Telephone Solicitation Act, Florida Statute section 501.059. (Comp. ¶¶ 1-6.)

    2.    Sundance was served on May 2, 2025.

3. True and correct copies of all process, pleadings, and orders in the State Court Action are attached hereto as **Exhibit A**. No other pleadings or motions have been filed in the State Court Action.

4. The basis for removal and this Court's original jurisdiction derives from 28 U.S.C. section 1332 as this is a purported class action in which the Complaint alleges the putative class includes no less than 100 individuals, the amount in controversy exceeds the sum of $5,000,000, exclusive of interest and costs, and is a class action in which the Plaintiff is a citizen of a State different from the Defendant. Removal is proper under 28 U.S.C. section 1441 because this Court has original diversity jurisdiction over the underlying dispute pursuant to 28 U.S.C. section 1332(d)(2).

5. Sundance files this notice of removal within thirty days of service of the Complaint on it. 28 U.S.C. § 1446(b)(3).

**Diversity Jurisdiction**

6. This action is properly removable under the Class Action Fairness Act, 28 U.S.C. section 1332, because (i) it is a purported class action, (ii) the putative class exceeds 100 individuals, (iii) the plaintiff is a citizen of a State different from the defendant, and (iv) the amount in controversy exceeds $5,000,000 in the aggregate, exclusive of interest and costs. *See* 28 U.S.C. § 1332(d).

7. First, this case is a purported class action. The proposed class is composed of "All persons and entities that reside in Florida whose caller identification service was transmitted a telephone number that was capable of receiving telephone calls…" (Compl. ¶ 25.)

8. Second, the proposed class exceeds 100 individuals. (Compl. ¶ 26.)

9. Third, the Plaintiff is a citizen of a different State than the Defendant. 28 U.S.C. § 1332(d)(2)(A). Plaintiff is a citizen of Broward County, Florida. (Compl. ¶ 14.) Sundance is a Delaware limited liability company whose sole member is Sundance Holdings Company, LLC. Sundance Holdings Company, LLC is a Delaware limited liability company whose sole member is Sundance Direct Holdings, Inc., a Delaware corporation, domiciled in Utah, with its principal place of business in Utah. As such, Sundance is a citizen of Utah and Delaware. *See Flintlock Const. Servs., LLC v. Well-Come Holdings, LLC*, 710 F.3d 1221, 1224 (11th Cir. 2013) ("For the purpose of determining diversity jurisdiction, 'a limited liability company is a citizen of any state of which a member of the company is a citizen.'") (quoting *Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004)).

10. Fourth, the amount in controversy in this putative class action, as alleged in Plaintiff's Complaint, exceeds $5,000,000. Although the Complaint does not specify the amount of damages Plaintiff and the class seek in total, it includes allegations that indicate the amount in controversy exceeds $5,000,000, exclusive of interests and costs. Plaintiff seeks "liquidated damages of $500 for each violation of the FTSA's Caller ID Rules," for each member of the proposed class. (Compl. at 11.) Sundance's records show that during the class period, from July 1, 2021 to present, over 10,000 text messages have been sent to phone numbers with Florida-based area codes. (**Exhibit B**, Declaration of Stephanie Horton, ¶ 2.) The amount in controversy therefore exceeds $5,000,000, exclusive of interests and costs.

### Other Requirements for Removal

11. The United States District Court for the Southern District of Florida embraces the locality in which the State Court Action is now pending, making this Court a proper forum pursuant

3

to 28 U.S.C. section 1446(a). Palm Beach County lies in the West Palm Beach Division of this Court.

11. Pursuant to 28 U.S.C. section 1446(d), a copy of this notice is being served on counsel for Plaintiff and a copy is being filed with the Circuit Court of the Fifteenth Judicial Circuit in and for Palm Beach County, Florida.

12. This notice is signed pursuant to Federal Rules of Civil Procedure Rule 11.

13. A copy of the civil cover sheet is attached hereto.

This 2nd day of June, 2025

Respectfully submitted,

/s/ *Theodore B. Randles*
Elizabeth C. Rinehart
*Pro hac vice* application forthcoming
VENABLE LLP
750 E. Pratt Street, Suite 900,
Baltimore, MD 21202
Telephone: (410) 528-4646
Facsimile: (410) 244-7742
Email: lcrinehart@venable.com

Theodore B. Randles
Florida Bar No. 115790
VENABLE LLP
600 Massachusetts Ave., N.W.
Washington, D.C. 20001
Telephone: (202) 344-4000
Facsimile: (202) 344-8300
Email: tbrandles@venable.com

*Attorneys for Defendant*

**Certificate of Service**

I hereby certify that a copy of the foregoing notice of removal will be served this day on counsel for Plaintiff by U.S. Mail and e-mail at the addresses below.

>Joshua A. Glickman, Esq.
>Shawn A. Heller, Esq.
>Social Justice Law Collective, PL
>974 Howard Ave.
>Dunedin, FL 34698
>josh@sjlawcollective.com
>shawn@sjlawcollective.com

>_/s/ Theodore B. Randles_
>Theodore B. Randles